IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| JEWELL G. SHUMAKER,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | CV-09-04-BU-RFC-CSO<br><br><u>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE</u> |
|---|---|

Plaintiff Jewell G. Shumaker filed this action to obtain judicial review of Defendant Commissioner of Social Security's ("Commissioner's") final decision denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433, 1381-1383c.

Pending before the Court are Shumaker's motion for summary judgment (Court's Doc. No. 9) and the Commissioner's motion for summary judgment (Court's Doc. No. 11). Having considered the issues

presented by the parties, the Court recommends[1] remanding this matter to the Commissioner for further proceedings.

## I.   PROCEDURAL BACKGROUND

Shumaker filed her current applications[2] for DIB and SSI on September 20, 2006, claiming an onset date of July 25, 2006.  Tr. at 372-76, 400.  The Social Security Administration denied the applications initially and on reconsideration.  Tr. 360-71.  After a hearing on March 10, 2008 (Tr. 604-77), an administrative law judge ("ALJ") denied the claims.  The Appeals Council then denied Shumaker's request for review (Tr. 33-35), making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  20 C.F.R. §§ 404.981, 416.1481 (2008).

## II.   STANDARD OF REVIEW

This Court's review is limited.  The Court may set aside the

---

[1] By Order dated April 14, 2009, Chief Judge Cebull referred this case to the undersigned for all pretrial proceedings (Court's Doc. No. 8) including submission of proposed findings and recommendations.

[2] Shumaker applied for SSI and DIB in 2004.  Tr. 82-84, 342.  An ALJ denied those claims on July 20, 2006.  Tr. 17-25.  The Appeals Council denied Shumaker's request for review, and she did not pursue a judicial appeal.  Tr. 11-12.

-2-

Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002)(citations and internal quotation marks omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); Andrews v. Shalala, 53 F.3d 1035,1041 (9th Cir. 1995). Substantial evidence also has been described as "more than a mere scintilla" but "less than a preponderance." Sandegathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997). The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986) (citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citation omitted).

## III.   BURDEN OF PROOF

A claimant is disabled for purposes of the Social Security Act if: (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but the claimant cannot "engage in any other kind of substantial gainful work which exists in the national economy." Schneider v. Commr. of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. Corrao v. Shalala, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)).

   1.   The claimant must first show that he or she is not currently engaged in substantial gainful activity. Id.

   2.   If not so engaged, the claimant must next show that he or she has a severe impairment. Id.

   3.   The claimant is conclusively presumed disabled if his or her

        impairments are equivalent to one on the list of impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.

4. If the claimant does not have a listed impairment, then the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical impairments. Corrao, 20 F.3d at 946.

5. Upon such a showing, the burden then shifts to the Commissioner to prove that plaintiff can engage in other types of substantial gainful work existing in the national economy given the claimant's age, education, work experience and residual functional capacity (RFC). Jones, 760 F.2d at 995.

If the Commissioner finds that a claimant is disabled or not disabled at any point in this process, the review process is terminated. Corrao, 20 F.3d at 946.

## V. DISCUSSION

The Court concludes, for reasons set forth below, that the ALJ erred by excluding from his hypothetical questions to the vocational expert significant limitations established by the medical record, and by failing to consider whether Shumaker's age affected her ability to work. Accordingly, the Court concludes that the ALJ's determination at step five is not supported by substantial evidence and contains legal error. The Court rejects Shumaker's other allegations of error.

### A. The ALJ's Determination

Following the five-step sequential evaluation above, the ALJ found that: (1) Shumaker had not engaged in substantial gainful activity since the alleged onset date (Tr. 42); (2) Shumaker had severe impairments of "post-healed right tibial fracture secondary to pedestrian-motor vehicle accident on December 23, 2003, post-traumatic degenerative joint disease of the right tibia, lower back pain, and borderline intellectual functioning" (Tr. 42);(3) Shumaker did not have an impairment or combination of impairments meeting or medically equaling a listed impairment (Tr. 44). Further, Shumaker had the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can walk for 10 minutes at a time, sit for 1 hour at a time, and can stand for 1 hour at a time , and can walk, sit, or stand in some combination for a total of 8 hours, given the normal breaks generally allowed in an 8-hour workday. She can occasionally perform pushing and/or pulling operations with her lower extremities. She can occasionally climb stairs or ramps but can never climb ladders, ropes, or scaffolding. She can occasionally balance, stoop, or crouch, can seldom kneel, and can never crawl. She must avoid concentrated exposure to extreme

> cold, vibrations, open machinery, dangerous
> heights, uneven surfaces, and fumes, odors, dust,
> or gases. Mentally, she can perform unskilled or
> very low semi-skilled work that is routine and
> has occasional new learning which can preferably
> be learned outside of the time to put that new
> learning to use. She can perform work that does
> not require decision making or judgment as
> essential elements of the job duties.

Tr. 47. At the final two steps the ALJ found that: (4) Shumaker was unable to engage in past relevant work (Tr. 51); and (5) considering Shumaker's "age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Shumaker] can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966)." Tr. 52. Thus, the ALJ determined that Shumaker had not been under disability since July 25, 2006. Tr. 53.

B.   The Parties' Arguments

Shumaker makes several arguments for reversal. First, the ALJ should have found her impairments were medically equivalent to Listing 12.05C, Mental Retardation. The SSA has recognized that an IQ score of 70-75, in combination with other limitations, may support an equivalence determination. Court's Doc. No. 10 at 5. Here, Shumaker's IQ is 76, and her treating sources' opinions, which the ALJ should have

accepted, state that the combination of mental and phsical limitations render Shumaker unable to work. Id. at 5-8.

Second, the ALJ erred by finding that she had an RFC for "very low semi-skilled work" which is more skilled than any work she has performed in the past and unsupported by the evidence. Id. at 8-11.

Third, the ALJ erred by failing to give the vocational expert a hypothetical question including all of Shumaker's limitations supported by the record. Id. at 11-12.

Finally, no objective medical evidence supports the ALJ's RFC determination. Shumaker's treating physician found limitations inconsistent with the RFC, and the ALJ denied Shumaker's motion for a neurological or orthopedic evaluation, leaving the record devoid of support for aspects of the RFC. Id. at 13.

The Commissioner argues, first, that Shumaker's impairments do not equal Listing 12.05(C). Rather than attempting to show that her overall impairment equals a listing, Shumaker must present medical findings equal in severity to each listing criteria, which she has not done. Court's Doc. No. 12 at 2-5.

Second, substantial evidence supports the ALJ's determination.

The ALJ was not required to include restrictions, such as a cane or inability to use foot controls, in his hypotheticals because those restrictions are not supported by the record as a whole. Id. at 7-9. To the extent Shumaker's treating physicians stated that she required these restrictions, those opinions are inconsistent with the record. Id. at 9-10. The ALJ also did not need to order a consultative examination because the record was adequate. Id. at 10.

As to Shumaker's mental limitations, the record supports the ALJ's determination that she can do unskilled or very low semi-skilled work. Id. at 10-11. Even if the ALJ erred in finding that Shumaker could do very low semi-skilled work, that error is harmless because the vocational expert identified two unskilled jobs Shumaker could perform. Id. at 11.

Finally, the record supports the ALJ's determination that Shumaker can do jobs identified by the vocational expert. Id. at 12-14.

### C. The ALJ's Hypothetical Questions

Examining the ALJ's hypothetical questions to the vocational expert reveals that the ALJ's determination at step five is not supported by substantial evidence. "When an ALJ poses a hypothetical question

to a vocational expert, the question must include all limitations supported by medical evidence in the record." Stewart v. Astrue, 561 F.3d 679, 684 (7th Cir. 2009); see also Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) (ALJ's reliance on vocational expert testimony proper where hypothetical contained all of the limitations that the ALJ found credible and supported in record); Dogsleep v. Astrue, 2008 WL 399444, *1 (9th Cir.)(ALJ not free to disregard properly supported limitations). In Stewart, the court held that the Commissioner's defense of an ALJ's hypothetical that failed to account for a claimant's moderate difficulties with concentration, persistence, and pace, was substantially unjustified in light of clear law to the contrary, and awarded fees under the Equal Access to Justice Act. 561 F.3d at 682, 685.

Here, the ALJ's hypotheticals fail to include a significant restriction supported by the medical record as a whole. None of the four hypothetical questions includes Shumaker's need to walk with a cane. Hypotheticals one, three, and four do not mention a cane at all. Tr. 671, 674, 675. The only mention of a cane is in hypothetical two. "Walking perhaps a quarter of a mile at a time. That can be with or without a

cane for assistance." Tr. 672. This inclusion of a cane in the second hypothetical is essentially meaningless because the alternative phrasing of the question does not require the vocational expert to include that limitation. Also, the ALJ's opinion, though noting that Shumaker's treating physicians found that she could not balance or walk a straight line without a cane (Tr. 48), does not discount or otherwise mention this treating source medical opinion. Tr. 51.

Shumaker's treating physicians found that she could not walk effectively without a cane, and that a cane was medically necessary. Tr. 509. There is no medical opinion of any sort in the record stating that Shumaker does not require a cane.

In addition to the uncontroverted opinion of her treating physicians on the subject, the record indicates the severity of Shumaker's knee injury. As a pedestrian, Shumaker was struck by a car in December 2003. Tr. 189. She suffered a split depression lateral tibial plateau fracture requiring insertion of a plate and bone grafting. Tr. 189-90. The surgeon who reconstructed her knee said: "At this time, her prognosis for her articular surface is guarded at best, with some significant damage, probably bodes fairly poorly for its continued

health." Tr. 190.  Though Shumaker recovered fairly well, Tr. 238, she subsequently developed posttraumatic degenerative joint disease in the knee.  Tr. 232.   The physician noted continued use of her cane at that time (November 16, 2004).

Neither do the ALJ's hypotheticals include the restrictions realistically imposed by Shumaker's mental impairment.  The hypotheticals state that any job must be simple and routine.  This does not accurately reflect the functional limitations of Shumaker's mental impairments, which include a full-scale IQ of 76.  Tr. 505.  The undisputed evidence in the record shows that, over the course of 23 years working at the M &M bar and café, Shumaker could not learn to operate a cash register, take customer orders, or make change.  Tr. 456-57.  In five weeks at Wal-Mart, Shumaker could not learn to clock in, read her work schedule, or use a pricing instrument.  Tr. 461-62.  Courts may find that error occurs when an ALJ merely states general limitations  in a hypothetical that do not accurately reflect the specific restrictions imposed by serious mental impairments.  See e.g. Stewart v. Astrue, 561 F.3d 679, 684-85 (7th Cir. 2009) (citing cases); Kasarsky v. Barnhart, 335 F.3d 539, 544 (9th Cir. 2003); Lanclos v. Apfel, 2000 WL

1054893, *2-3 (9th Cir.).

In sum, the ALJ's hypothetical questions to the vocational expert did not accurately reflect Shumaker's restrictions established by the medical record.  Thus, the ALJ's determination at step five that Shumaker could perform other work existing in the national economy does not rest on substantial evidence.  Dogsleep, 2008 WL 399444, *1 ("[T]he vocational expert's response to the ALJ's incomplete hypothetical 'has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.'")(quoting DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991)).

Finally, the ALJ made a legal error not raised by the parties.  The ALJ's determination on Shumaker's application is based on a "younger individual."  The ALJ noted that Shumaker was 48 on her alleged disability onset date. Tr. 52.  While this is true, the regulations state: "We will use each of the age categories that applies to you during the period for which we must determine if you are disabled.  We will not apply the age categories mechanically in a borderline situation.  If you are within a few days to a few months of reaching an older age category ... we will consider whether to use the older age category ...."  20 C.F.R.

§ 404.1563(b).  Shumaker is now, and has been since June 26, 2008, a "[p]erson closely approaching advanced age."  20 C.F.R. § 404.1563(d).  For such a person, the Commissioner "will consider that your age along with a severe impairment(s) and limited work experience may seriously affect your ability to adjust to other work."  Id.

Here, Shumaker was 22 days short of her fiftieth birthday when the ALJ issued his decision.  The regulation directs the ALJ to consider Shumaker's age throughout the time period for which disability is sought, not just the alleged onset date.  Where Shumaker was days shy of fifty years old on the determination date, has a work history consisting almost entirely of one unskilled job, and has serious impairments, the ALJ should have considered whether using an older age category would affect the outcome.  See Martin v. Astrue, 2008 WL 3071484 (W.D. Pa. 2008).  On remand, the ALJ must consider Shumaker in the 50-54 category for the purpose of determining whether she is disabled.  Bray v. Commissioner of Social Security, 554 F.3d 1219, 1229 n. 9 (9th Cir. 2009).

D.   Remand or Reversal

Whether to remand for additional administrative proceedings or

-14-

reverse for an award of benefits is within the Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1176 (9th Cir. 2000). "[R]emand is proper where additional administrative proceedings could remedy defects." Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). If a Court concludes that "the Commissioner would have been compelled to find [the Claimant] disabled" if not for the ALJ's error, the Court will recommend remand rather than reversal for payment of benefits. Lester v. Chater, 81 F.3d 821, 825 (9th Cir. 1995).

Here, additional proceedings are necessary to remedy the defeciencies noted above. The Commissioner should reconsider whether Shumaker can perform work in the national economy based upon a consideration of all her mental and physical restrictions, and her age.

## V.   CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Shumaker's motion be GRANTED, the Commissioner's motion DENIED, and this matter remanded to the Commissioner for further proceedings consistent with this opinion.

IT IS ORDERED that the Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge

upon the parties.  The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed within ten (10) days after receipt hereof, or objection is waived.

DATED this 22nd day of June, 2009.


/s/ *Carolyn S. Ostby*
Carolyn S. Ostby
United States Magistrate Judge