IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | | |
|---|---|---|
| **JEWELL G. SHUMAKER,** | ) | CV-09-04-BLG-RFC |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER ADOPTING FINDINGS |
| | ) | AND RECOMMENDATIONS OF |
| **MICHAEL J. ASTRUE,** | ) | U.S. MAGISTRATE JUDGE |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

On June 22, 2009, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends this Court remand this matter to the Commissioner for further proceedings.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the June 22, 2009 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de

novo the magistrate judge's conclusions of law.  *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.  The ALJ erred by excluding from his hypothetical questions to the vocational expert significant limitations established by the medical record, and by failing to consider whether Plaintiff's age affected her ability to work.

In this case, the ALJ's hypotheticals fail to include a significant restriction supported by the medical records and none of the four hypothetical questions included Plaintiff's need to walk with a cane.[1]  Plaintiff's treating physicians found that she could not walk effectively without a cane, and that a cane was medically necessary.  Tr. 509.  There is no medical opinion of any sort in the record stating that Plaintiff did not require a cane.

The ALJ's hypotheticals also fail to include the restrictions realistically imposed by Plaintiff's mental impairment.  The undisputed evidence in the record shows that, over the course of working at the M & M bar and café, Plaintiff could

---

[1] The only mention of a cane is in hypothetical two.  "Walking perhaps a quarter of a mile at a time.  That can be with or without a cane for assistance."  Tr. 672.  This inclusion of a cane in the second hypothetical is essentially meaningless because the alternative phrasing of the question does not require the vocational expert to include that limitation.

not learn to operate a cash register, take customer orders, or make change.  Tr. 456-57.  In five weeks at Wal-Mart, Plaintiff could not learn to clock in, read her work schedule, or use a pricing instrument.  Tr. 461-62.

The ALJ's hypothetical questions to the vocational expert did not accurately reflect Plaintiff's restrictions established by the medical record.  Therefore, the ALJ's determination that Plaintiff could perform other work existing in the national economy does not rest on substantial evidence.  *Dogsleep v. Astrue*, 2008 WL 399444, *1 (9th Cir.).

Additionally, the regulation directs the ALJ to consider Plaintiff's age throughout the time period for which disability is sought, not just the alleged onset date.  Plaintiff was 22 days short of her fiftieth birthday when the ALJ issued his decision.  When Plaintiff was days from her fiftieth birthday on the determination date, had a work history consisting almost entirely of one unskilled job, and had serious impairments, the ALJ should have considered whether using an older age category would affect the outcome.  *See Martin v. Astrue*, 2008 WL 3071484 (W.D. Pa. 2008).  On remand, the ALJ must consider Plaintiff in the 50-54 category for the purpose of determining whether she is disabled. *Bray v. Commissioner of Social Security*, 554 F.3d 1219, 1229 n. 9 (9th Cir. 2009).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion is **GRANTED** and Defendant's Motion is **DENIED**. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order and the opinion of Magistrate Judge Carolyn Ostby dated June 22, 2009 [*doc. 14*].

The Clerk of Court shall notify the parties of the making of this Order.

DATED the 15th day of September, 2009.

                                                */s/ Richard F. Cebull*_____
                                                RICHARD F. CEBULL
                                                UNITED STATES DISTRICT JUDGE